IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (269) 447-8921 ESN 268435460406222853 | Case No. 12-mj-3135-D**FILED** Filed Under Seal  SEP 0 4 2012  CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF ILLINOIS EAST ST. LOUIS OFFICE |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Christian BOYCE, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number (269) 447-8921 ESN 268435460406222853 (the "TARGET TELEPHONE"), whose wireless provider Sprint, is headquartered at 6200 Sprint Parkway Overland Park, KS 66251. The TARGET TELEPHONE is subscribed to Andrew C. HENLEY. The TARGET TELEPHONE is further described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. I am a "federal law enforcement officer" within the meaning of Federal Rules of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I am a Deputy with the United States Marshals Service (DUSM), currently assigned to the Southern District of Illinois, East St. Louis office. I have worked as a DUSM for over 9 years. I have participated in numerous fugitive investigations and, among other things, have conducted or participated in surveillances, the execution of search warrants, debriefing of informants and reviews of taped conversations. I am also authorized under Title 28, United States Code, Section 564, and Title

18, United States Code, Section 3053 to enforce the laws of the United States, including violations of the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C.S Section 16901, and federal failure to register offenses, pursuant to Title 18, United States Code, Section 2250, also known as the Adam Walsh Child Protection and Safety Act of 2006.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, witnesses, training, and information obtained from other agents, witnesses, Confidential Sources (referred to as CS's), and Sources of Information (referred to as SOI's). This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section(s) 2250 have been committed, are being committed, and will be committed by the user of the TARGET TELEPHONE. There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations.

## PROBABLE CAUSE

5. For the reasons set out in this affidavit, there is probable cause to believe that the TARGET OFFENSES have been committed, are being committed, and will continue to be committed by Andrew C. HENLEY.

On or about September 30, 2005, Andrew C. HENLEY was convicted in Madison County, IL of Aggravated Criminal Sexual Abuse, victim age 13-16, 720 ILCS 5/12-169d). HENLEY was sentenced to 24 months probation.

2

On March 28, 2008, and September 25, 2009, HENLEY was convicted in Madison County, IL, of Unlawful Failure to Register as a Sex Offender. He was sentenced to two years and three years imprisonment, respectively.

Records indicate HENLEY has registered in several jurisdictions in the state of Illinois and has filled out and signed the Illinois Sex Offender Registration Act Registration Form. According to records, HENLEY last registered in Illinois on July 11, 2011. On this form, HENLEY signed an acknowledgement of his duty to register as a sex offender, as well as his duty to notify law enforcement officials within three days of changing his address. This time frame also applies to any out of state move.

On August 23, 2011, HENLEY was arrested for Simple Assault and Battery by the Kalamazoo Department of Public Safety in Michigan. On November 3, 2011, HENLEY was again arrested by the Kalamazoo Department of Public Safety for Obstruction of Police.

On February 7, 2012, Cahokia Detective Dane LUKE interviewed HENLEY's mother Laurie CISCO, who stated HENLEY was living in Michigan. CISCO provided the target cell phone as a contact number for HENLEY. HENLEY's probation officer from Williamson County then called the target number and spoke to HENLEY. HENLEY told Probation Officer WATKINS that he was in Michigan on a visit. HENLEY stated he would soon be reporting to Illinois. However, HENLEY failed to do so.

According to records obtained from a Grand Jury Subpoena, the subscriber for the target phone is Andrew C. Henley and the phone is being used in the Kalamazoo, MI, region.

According to records from the state of Michigan, as of July 13, 2012, Andrew C. HENLEY has not registered as a sex offender in the State of Michigan, nor has he updated his registration in the State of Illinois.

3

On July 19, 2012, an arrest warrant for Andrew C. HENLEY was issued by the United States District Court for the Southern District of Illinois. Furthermore, there is probable cause to believe that HENLEY is the user of the TARGET TELEPHONE, and is continuing to be non-compliant with his sex offender registration requirements.

## BACKGROUND OF INVESTIGATION

6. Members of the investigative team and I are investigating Andrew C. HENLEY for violations of the Sex Offender Registration and Notification Act. The investigation has shown that Andrew C. HENLEY uses the TARGET TELEPHONE.

7. Your affiant further states that there is probable cause to believe that signaling information, including cell site information, precision location information, and factory installed GPS information, will lead to evidence of the aforementioned criminal offenses and the location of Andrew C. HENLEY.

8. In my training and experience, I have learned that (Sprint) is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular

telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

9. Based on my training and experience, I know that (Sprint) can collect E-911 Phase II data about the location of the TARGET TELEPHONE, including by initiating a signal to determine the location of the TARGET TELEPHONE on (Sprint's) network or with such other reference points as may be reasonably available.

10. Based on my training and experience, I know that (Sprint) can collect cell-site data about the TARGET TELEPHONE.

## AUTHORIZATION REQUEST

11. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

12. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the TARGET TELEPHONE would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search

5

warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

13. I further request that the Court direct (Sprint) to disclose to the government any information described in Attachment B that is within the possession, custody, or control of (Sprint). I also request that the Court direct (Sprint) to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with (Sprint's) services, including by initiating a signal to determine the location of the TARGET TELEPHONE on (Sprint's) network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate (Sprint) for reasonable expenses incurred in furnishing such facilities or assistance.

14. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the TARGET TELEPHONE outside of daytime hours.

15. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

_____
CHRISTIAN BOYCE
Deputy United States Marshal
UNITED STATES MARSHALS SERVICE


Subscribed and sworn to before me on September __4__, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF ILLINOIS

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number (269) 447-8921 ESN 268435460406222853, (the "TARGET TELEPHONE"), whose wireless provider is (Sprint) a company headquartered at 6200 Sprint Parkway Overland Park, KS 66251. The TARGET TELEPHONE is subscribed to Andrew HENLEY.

2. Information about the location of the TARGET TELEPHONE that is within the possession, custody, or control of (Sprint), including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## **ATTACHMENT B**

### **Particular Things to be Seized**

All information about the location of the TARGET TELEPHONE described in Attachment A for a period of thirty days, during all times of day and night. Information about the location of the TARGET TELEPHONE includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of (Sprint), (Sprint) is required to disclose the Location Information to the government. In addition, (Sprint) must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with (Sprint's) services, including by initiating a signal to determine the location of the TARGET TELEPHONE on (Sprint's) network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate (Sprint) for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).